UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| KEVIN MICHAEL LEWIS, ) | Case No. 08-48744-705 |
| ) | Judge Kathy A. Surratt-States |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| MOORE AUTOMOTIVE GROUP, INC., ) | **Adversary No. 08-4223-659** |
| ) | |
| ) | PUBLISHED |
| Plaintiff, ) | |
| ) | |
| -v- ) | |
| ) | |
| KEVIN MICHAEL LEWIS, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The matter before the Court is Plaintiff Moore Automotive Group, Inc.'s (hereinafter "Moore") Complaint to Declare Debts Nondischargeable, Defendant's Answer to Plaintiff's Complaint to Declare Debts Nondischargeable (hereinafter "Complaint"), Defendant Kevin M. Lewis' Motion for Summary Judgment, Affidavit of Kevin M. Lewis, Statement of Uncontroverted Facts in Support of His Motion for Summary Judgment, Memorandum in Support of His Motion for Summary Judgment, Plaintiff's Response to Defendant's Motion for Summary Judgment, Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and Debtor's Reply to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment. The Court makes the following FINDINGS OF FACTS:

Defendant Kevin M. Lewis (hereinafter "Debtor") filed a petition under Chapter 7 of the Bankruptcy Code on October 31, 2008. Debtor is the spouse of Julie D. Lewis (hereinafter "Mrs. Lewis"). Mrs. Lewis was the Chief Financial Officer at Moore from September 29, 1997 to October 3, 2005, the date of her termination. Mrs. Lewis possessed a personal American Express credit

card (hereinafter "AmEx") for which Debtor was an authorized user. From at least the year 2000 until the end of Mrs. Lewis' employment, Mrs. Lewis arranged to pay her AmEx bills through electronic payments from one of Moore's bank accounts. Mrs. Lewis also obtained and used Moore's funds for other personal expenditures. Mrs. Lewis was indicted by the United States Attorney in the United States District Court for the Eastern District of Missouri for embezzlement and subsequently entered into a plea agreement in which the District Court entered an Order of Criminal Forfeiture, ordering that a sum of money be forfeited by Mrs. Lewis to Moore. Mrs. Lewis also agreed to forfeit certain martial property and make regular restitution payments to Moore. Debtor was never charged with any crime related to Mrs. Lewis' actions.

On November 1, 2005, Moore filed suit in the Circuit Court of St. Louis County, Missouri, alleging counts of conversion, civil conspiracy and unjust enrichment against both Debtor and Mrs. Lewis (hereinafter "State Court Action"). Discovery and depositions were taken in the State Court Action. On January 24, 2008, Moore was granted summary judgment against Mrs. Lewis. Debtor filed this bankruptcy petition before the State Court Action trial began. Moore filed this Advesary Proceeding on November 21, 2008 in which it now seeks a determination of Debtor's liability and an order declaring said debts nondischargeable.

Debtor denies any knowledge or involvement in Mrs. Lewis' actions against Moore. Debtor further denies acting in consort with Mrs. Lewis. Debor states that Mrs. Lewis paid their household bills and handled all the household finances, therefore, he was unaware of any fraudulent activity on the part of Mrs. Lewis. Debtor admits to receiving items and trips that Mrs. Lewis obtained through defrauding Moore, however, Debtor states that he did not suspect any wrong-doing because both he and Mrs. Lewis earned generous salaries, and therefore, he reasonably believed that he and Mrs. Lewis were living within their means. On July 7, 2009, Debtor filed his Motion for Summary Judgment.

Moore alleges that Debtor physically made charges on the AmEx that was paid with Moore's

funds. Additionally, Debtor benefitted from charges made by Mrs. Lewis for Debtor's benefit, for example, a trip to California, trips to Florida, a Rolex watch, and payment of household bills. Further, Mrs. Lewis submitted false reports to Moore to conceal the fact that Moore's funds were being used to pay the AmEx bills. Moore asserts that at all times, Debtor acted in concert with Mrs. Lewis to purport a common scheme. Moore also argues that based on the circumstances, particularly Debtor's career of over 20 years in finance and the fact that the AmEx charges in 2004 and 2005 were considerably more than Debtor and Mrs. Lewis' combined annual incomes, it is highly unlikely that Debtor was unaware of Mrs. Lewis' actions. Moore therefore seeks a determination that Debtor is indeed indebted to Moore for conspiring with Mrs. Lewis to commit fraud and that said debt is nondischargeable pursuant to Section 523(a)(2). Moore further argues that Debtor conspired with Mrs. Lewis to embezzle funds from Moore, and therefore, as a co-conspirator, Debtor's liability to Moore is equal to that of Mrs. Lewis, and, pursuant to Section 523(a)(4), such debt is nondischargeable. Finally, Moore argues that Debtor's actions in the conspiracy to defraud and/or embezzle funds from Moore were willful and malicious, and therefore, pursuant to Section 523(a)(6), said debt is nondischargeable. Moore asserts that there are genuine issues of material fact concerning whether Debtor acted in concert with Mrs. Lewis in the fraud perpetuated upon Moore, and therefore, Debtor's Motion for Summary Judgment should be denied.

**JURISDICTION AND VENUE**

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334 (2008) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (2008). Venue is proper in this District under 28 U.S.C. § 1409(a) (2008).

**CONCLUSIONS OF LAW**

Under Rule 56(c) of the Federal Rules of Civil Procedure, as made applicable under Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is proper "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2550 (1986). The moving party has the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Id.* at 323. Once the movant carries its burden, the burden shifts to the non-movant. *Id.* In ruling on a motion for summary judgment, a court must view all facts in a light most favorable to the non-moving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. *Robinson v. Monaghan,* 864 F.2d 622, 624 (8th Cir. 1989)(citing *Trnka v. Elanco Prods. Co.*, 709 F.2d 1223, 1224-25 (8th Cir. 1983)).

Debtor argues summary judgment should be granted as to all three counts of Moore's Complaint: fraud, embezzlement and willful and malicious injury. For the reasons set forth below, summary judgment will only be granted as to Count III, willful and malicious injury.

**Count I: Fraud**

Under Section 523(a)(2), a debtor cannot obtain a discharge from any debt "for money, property, services…to the extent obtained by – false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A) (2008). To establish fraud pursuant to Section 523(a)(2)(A), a creditor must prove the following elements by a preponderance of the evidence:

1. debtor made a representation;
2. debtor knew the representation was false at the time it was made;
3. the representation was deliberately made for the purpose of deceiving a creditor;
4. the creditor justifiably relied on the representation; and
5. the creditor sustained the alleged loss as the proximate result of the representation having been made.

*In re Maurer*, 256 B.R. 495, 500 (B.A.P. 8th Cir. 2000).

Debtor argues that he neither made any false representations nor had any knowledge of any false representations being made to Moore. Debtor denies any knowledge of Mrs. Lewis' fraud, particularly the false reports that Mrs. Lewis submitted to Moore to conceal her fraudulent acts. Debtor states that he did not intend to personally deceive Moore, specifically, he did not obtain money, property and services by fraud, he did not pay AmEx bills with Moore's money nor did he conceal payments for the same made by Moore. Debtor further states that Mrs. Lewis handled the household finances, and therefore, he had no knowledge of her actions. Debtor denies any wrong-doing on his part.

Moore however seeks to prove that Debtor infact knew of Mrs. Lewis' acts of fraud and operated in concert with her to conceal the fact that Moore's funds were being used to pay the AmEx bills. Debtor admits to receiving property and services that were charged to the AmEx, and subsequently paid with Moore's funds. Moore also points to Debtor's over 20 years of executive experience as circumstantial evidence that it is highly unlikely that Debtor was oblivious to Mrs. Lewis' actions.

Moore has provided sufficient information about Mrs. Lewis to establish fraud pursuant to Section 523(a)(2)(A). Moore argues that Debtor is also liable because Debtor conspired with Mrs. Lewis to defraud Moore. A plaintiff need only provide "sufficient factual information to provide the 'grounds' on which [their] claim rests ...". *In re Scott*, 403 B.R. 25, 31 (Bankr. D. Minn. 2009) *citing Schaff v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir. 2008)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The complaint must recite facts which "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1965. Moore's allegation of Debtor's actions of consort with Mrs. Lewis rise above speculation. Moore has presented sufficient factual information which suggests a plausible conspiracy between Debtor and Mrs. Lewis to defraud Moore.

"[A]cts intrinsically meriting nondischargeability under § 523(a) can be attributed to a debtor who did not perform them, if the debtor was a 'knowing active participant' in a scheme or conspiracy through which a third-party malefactor performed the acts." *Scott,* 403 B.R. at 35. The bankruptcy court can except from discharge any debt imposed on the debtor under nonbankruptcy law for damage done through the conspiracy. *Id.* (citing *In re Markarian,* 228 B.R. 34, 39 (B.A.P. 1st Cir. 1998)). A member of a conspiracy is vicariously liable for the acts of co-conspirators, and the law imputes liability for acts taken in furtherance of the scheme, regardless of subjective intent or knowledge of occurrence of the acts. *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180 (1946). There are genuine issues of material fact as to whether Debtor indeed conspired with Mrs. Lewis to defraud Moore.

**Count II: Embezzlement**

Under Section 523(a)(4), a debt for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" can be excepted from discharge. 11 U.S.C. § 523(a)(4) (2008). Embezzlement is the "fraudulent appropriation of property of another by a person to whom such property has been entrusted or into whose hands it has lawfully come." *In re Belfry,* 862 F.2d 661, 662 (8th Cir. 1988)(quoting *In re Schultz,* 46 B.R. 880, 889 (Banrk. D. Nev. 1985)). Debtor has never been employed by Moore, and has never been a fiduciary for Moore. However, Mrs. Lewis has and she has accepted a plea bargain based on her indictment for embezzlement of Moore's funds. Moore alleges that Debtor conspired with Mrs. Lewis in her acts of embezzlement. As stated above, Moore has sufficiently pled the basis upon which such allegations of conspiracy are made, and there are indeed genuine issues of material fact as to the nature and extent of Debtor's knowledge of and participation in Mrs. Lewis' embezzlement of Moore's funds.

**Count III: Willful and Malicious Injury**

Debts arising from willful and malicious injury by a debtor are excepted from discharge under Section 523(a)(6). 11 U.S.C. 523(a)(6) (2008). To prove willfulness, the creditor must show

-6-

that debtor intended the injury, not just a deliberate or intentional act leading to injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998). To prove malice, the creditor must prove debtor's conduct was specifically targeted at the creditor. *In re Madsen,* 195 F.3d 988, 989 (8th Cir. 1999). The Eighth Circuit Court of Appeals has set a high bar for certainty of harm regarding willful and maliciousness for the purposes of Section 523(a)(6). *In re Adams*, 349 B.R. 199, 203 (Bankr. W.D. Mo. 2006)(citations omitted). Assuming facts in the light most favorable to Moore, Moore did not sufficiently allege willfulness or malice so as to grant an exception from discharge under Section 523(a)(6). There is no genuine issue of material fact as to willfulness and maliciousness.

By separate Order Defendant's Motion for Summary Judgment will be denied in part as to Count I and II and granted in part as to Count III.

_____
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: January 22, 2010
St. Louis, Missouri

Copies to:

| | |
|---|---|
| Office of the United States Trustee<br>Thomas F. Eagleton U.S. Courthouse<br>111 South 10th Street, Suite 6.353<br>St. Louis, MO  63102 | David G. Wasinger<br>Murphy Wasinger, L.C.<br>1401 South Brentwood Blvd.<br>Suite 550<br>Saint Louis, MO 63144 |
| Kevin Michael Lewis<br>808 Waterford Villas<br>Lake Saint Louis, MO 63367 | Charles W. Riske<br>Attorney at Law<br>231 S. Bemiston, Suite 1220<br>St. Louis, MO 63105 |